UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE J. KAHOE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   22-5508** |
| **SARAH BARR FLYNN AND ASHLEY COLE** | **SECTION: "E" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.      Factual and Procedural Background**

Plaintiff Lonnie J. Kahoe, Sr. ("Kahoe") is housed in the Orleans Justice Center and was charged with aggravated burglary and second degree rape (Case no. 22-783, Rec. Doc. 41, P.2) on January 13, 2020. Plaintiff was deemed incompetent to proceed to trial in his underlying criminal proceeding *Id*.

Kahoe has now filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendants Sarah Barr Flynn ("Flynn") and Ashley Cole, private persons, who accused him of rape and alleged extortion. (Case no. 22-5508, *See* Rec. Doc. 6, P.5). Additionally, Kahoe named the State of Louisiana as a Defendant and contends Ashley Cole's husband Mario Cole (NOPD PO), along with Andrew Von (NOPD PO) who worked as security at the Hustler Strip Club on Bourbon Street were involved in the alleged crimes by Kahoe. *Id.*

Kahoe contends the allegations by his ex-girlfriend, Flynn, and her friend, alleged witness Ashley Cole are false and that they have committed libel, slander, defamation. *Id.* Kahoe further alleges that Flynn and Ashley Cole previously made fraudulent accusations against him of rape, burglary, and extortion that led to his false imprisonment. *Id*. Kahoe contends he was threatened by Ashley Cole and her husband Mario Cole weeks prior to the charges via text message and verbal threats, along with Mario Cole's coworker, Andrew Von ("Andrew") (Last Name Unknown). *See Id.*

Kahoe alleges that in April 2019, he accused and questioned his former girlfriend Flynn about rumors of her involvement in prostitution and sex trafficking in the French Quarter area. *Id*. Flynn allegedly denied all allegations from Kahoe at the time. *Id*. Kahoe alleged that immediately following the accusations from Kahoe to Flynn, Ashley Cole sent numerous texts messages to Kahoe threatening him. *Id*. Kahoe alleged that the April 2019 texts from Ashley Cole contained threats that "her husband, Mario Cole (NOPD officer) and his friends were going to send Kahoe to prison, that they had big guns and know how to use them, and that they had connections with all parishes." *Id*. According to Kahoe, public Defender Juan Fiol ("Fiol"), and investigator Sara Jones ("Jones"), have copies of the alleged threatening text messages sent to Kahoe from Ashley Cole. *Id.*

An indictment was issued on May 19, 2019, Kahoe was publically identified as a suspect wanted for second degree rape and aggravated battery against Flynn while in, entering, or leaving said dwelling. *See Id*. Kahoe alleges that upon notification of initial charges, seen on local news on May 22, 2019, Kahoe contacted his former attorney Roger Kitchens ("Kitchens"). *Id*. Kahoe claimed the charges are a vendetta to the threats Kahoe allegedly made to parties with connections

to the Defendants. *Id*. Kahoe alleges not one officer went to his residence in search of him or to notify him of the charges where he was three blocks from alleged crime scene. *Id*.

Kahoe contends that the alleged victim's childhood best friend T.A. ("T.A.") came to New Orleans to testify to the Orleans Parish District Attorney. *Id*. The Court notes that it is unclear what "childhood best friend" Kahoe is referencing in his complaint. *Id*. Kahoe alleges T.A. testified to the D.A. that Flynn confessed at a family Christmas party that she lied about the events surrounding Kahoe's criminal conviction. *Id*. T.A. testified that Flynn lied because Kahoe threatened to tell Flynn's father about her involvement in sex trafficking and prostitution. *Id*. Kahoe alleges T.A. flew into New Orleans to speak with the District Attorney about Flynn's confession. *Id*. After the confession, while waiting on the trial date, Ashley Cole sent T.A. text message and email threats that said "if she tries to assist Kahoe in any way, she was going to prison." Fiol and Jones have copies of the 2020 threats as well. *Id.*

Kahoe seeks restitution for defamation, slander, libel, wrongful imprisonment, lost wages, legal fees, future mental health counseling, physical therapy, pain and suffering, and future costs of forensic services to clear the defamation and restore his reputation. *See Id*.  Kahoe contends this relief is a result of four (4) years of vindictive wrongful prosecution and loss of liberty based on the Defendants' false police reports. *Id.*

## II. Standard of Review for Frivolousness

Pursuant 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has a broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v.*

*Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-177 (5th Cir. 1995); *Moor v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

"Although a private person may cause deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under the color of law." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The Defendant need not be an officer of the state to satisfy this requirement; private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. Alleging conspiracy between private and public actors satisfies this requirement. *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights. " *Smith v. Grodner*, 2020 WL 3067270 (M.D. La. 2020). The allegation of conspiracy between private and state actors requires more than conclusory statements.

4

*Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). "Allegations that are merely conclusory, without reference to specific facts, will not suffice."

### III. Analysis

#### A. Sarah Barr Flynn

Kahoe has named his former girlfriend Sarah Barr Flynn as a Defendant in this case. Kahoe has alleged that Flynn and Defendant Ashley Cole, along with her husband (not a party), jointly participated to have charges brought upon Kahoe as a vendetta to his alleged threats made to his former girlfriend, when he allegedly threatened to tell Flynn's father about her involvement in prostitution. Kahoe further alleges Flynn and other Defendants deprived him of his civil liberties and he was wrongfully prosecuted.

Section 1983 grants the right to redress only to one whose constitutional rights were violated by a person acting under color of state law. *See* 42 U.S.C. § 1983. Kahoe must prove that not only that there was a constitutional violation, but in addition that Flynn was acting in joint participation with or under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984). Flynn would not be deemed a state actor unless a joint action with the state or one of its agents occurred. *Pete*, 8 F.3d at 216-17; *Mills*, 837 F.2d at 679; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

In this case, Kahoe has not alleged facts sufficient to show Flynn is a state actor or was involved in a joint action with the state or with state actors. Kahoe's complaint does not allege specific conduct by the Defendants to show an agreement between Flynn and the other Defendant along with her husband Mario (NOPD officer and not a party) that led to a deprivation of his civil

5

liberties. Further, nor does he allege specific facts that rise above the level or mere conclusory allegations to show an agreement leading to an illegal act between the other Defendant (along with Mario) and Flynn. In his broadly construed complaint, Kahoe has not alleged sufficient facts to hold Flynn liable as a private actor in joint participation with a state actor under § 1983. *Pete*, 8 F.3d at 217. The claims are frivolous because Flynn, the victim of his charges, is a private citizen that was not acting in joint participation with another person under the color of state law for the purposes of § 1983 liability. The claims against Flynn should be dismissed with prejudice pursuant to 28 U.S.C. §1915(e) and §1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### B. Ashley Cole

Kahoe named Ashley Cole as a Defendant and alleged witness in the Complaint along with her husband Mario Cole, NOPD officer who worked as security at the Hustler Club (Not a party). The Plaintiff alleges Ashley Cole, along with the help of her husband Mario Cole and his coworker Andrew Von, contributed to years of vindictive prosecution and loss of Kahoe's liberty. However, he does not allege how they caused his prosecution. The fact that a Defendant may have provided information to the police does not make him or her a state actor for the purposes of § 1983 liability. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1989) (holding that a private citizen who provides information to police is not a state actor); *Pleasant v. Carraway*, 25 F.3d 1044, 1994 WL 261217, at * 1 (5th Cir. 1994) (per curiam) ("A private individual complainant in a criminal prosecution does not act under the color of law," even if the police relied upon the individuals sworn complaint in arresting and charging the plaintiff).

Kahoe alleges Mario (NOPD officer) and Ashely (Private actor) Cole conspired in joint participation to unlawfully have Kahoe prosecuted as a vendetta and retaliation to threats made by

Kahoe to certain people with connections to Flynn (Flynn's Father). To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public Defendants to commit an illegal act and 2) an actual deprivation of constitutional rights. " *Smith v. Grodner*, 2020 WL 3067270 (M.D. La. 2020). The allegation of conspiracy between private and state actors requires more than conclusory statements. *Priester v. Lowndes Cnty*., 354 F.3d 414 (5th Cir. 2004).

The plaintiffs complaint does allege an agreement or facts to show an agreement to commit an illegal act between Ashley and Mario Cole to establish Ashley Cole as a private actor in joint participation with a her husband Mario Cole, a state actor, for the purposes of § 1983 liability. In the complaint, Kahoe alleges Defendant Ashley Cole threatened "that her husband, Mario Cole (NOPD officer), and his friends were going to send Mr. Kahoe to prison, that they had big guns and know how to use them, and that they had connections with all the parishes." *See* Rec. Doc. 6. P.7. Kahoe further alleges public Defenders and investigators have copies of these threats. *Id*. Furthermore, the plaintiff claims the agreement to commit an illegal act resulted in his wrongful prosecution, false imprisonment, and deprivation of his civil liberties. Rec. Doc. 6. P.5.

Kahoe further contends Ashley Cole, in joint participation with Mario Cole, invoked real or implied authority wielding power of a government entity/authority to threaten and bring charges upon Kahoe. Further, the Plaintiff contends he was prosecuted as a vendetta to him claiming he would tell Flynn's father about her involvement in prostitution resulting in a deprivation of his civil liberties and violation of his due process rights. Kahoes contentions boil down to all the Defendants are lying in a conspiracy in order to prosecute him for threatening to inform Flynns father of her involvement in prostitution. The complaint alleges only that Ashley Cole threatened

7

to commit an illegal act with her husband (Mario), and that he had connections as an NOPD officer and would make sure that Kahoe is prosecuted.

Kahoe fails to allege sufficient facts to show the alleged conclusory allegations against the Coles are somehow the result of an agreement between them and Flynn. Therefore, the claim against Ashley Cole fails to state a claim for which relief may be granted and should be dismissed as frivolous pursuant to 28 U.S.C. 1915(e) and 1915A.

### C. Supplemental Jurisdiction

In this case, Kahoe asserted also state law claims of assault, libel, and slander resulting from the Defendants alleged fraudulent and untruthful accusations of rape, burglary, and extortion. (Case no. 22-783, Rec. Doc. 41, P.2). His § 1983 claims however, are subject to dismissal for the reasons articulated above. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *507 See *Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

Pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This jurisdiction is "a doctrine of discretion," and in so deciding, courts consider "judicial economy, convenience and fairness to litigants," as well as whether "the state issues substantially predominate." *Gibbs*, 383 U.S. at 726-27, 86 S.Ct. 1130.

Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. Id. at 161 (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)). But: "Our general rule is to dismiss

state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley*, 972 F.2d at 585 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie–Mellon*, 484 U.S. at 351, 108 S. Ct. 614 (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brookshire Bros.*, 554 F.3d at 602 (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law[.]" . . . *Gibbs*, 383 U.S. at 726, 86 S. Ct. 1130. Id.

Under these circumstances, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and they are dismissed without prejudice.

### IV.     Recommendation

Accordingly,

**IT IS RECOMMENDED** that Lonnie J. Kahoe, Sr's § 1983 claims against Defendants Sarah Barr Flynn be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and §1915A as frivolous and for failure to state claim for which relief can be granted and lack of jurisdiction.

It **IS FURTHER RECOMMENDED** that Lonnie J. Kahoe, Sr's § 1983 claims against Defendant Ashley Cole **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and

§1915A as frivolous and for failure to state claim for which relief can be granted and lack of jurisdiction.

**IT IS RECOMMENDED** that the Court will decline to exercise supplemental jurisdiction over the state law claims of Plaintiff Lonnie J. Kahoe, Sr., and these claims are **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrates judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected- to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12th day of July 2023.

  
_____  
**KAREN WELLS ROBY**  
**UNITED STATES MAGISTRATE JUDGE**