UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE JOSEPH KAHOE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5508** |
| **SARAH BARR FLYNN, ET AL.** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Roby recommending the Court dismiss all claims brought by Plaintiff Lonnie Joseph Kahoe, Sr.[2] For the following reasons, the Court **ADOPTS** the Report and Recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Sarah Barr Flynn, **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Ashley Cole, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining state law claims.

## BACKGROUND

Plaintiff Lonnie Joseph Kahoe, Sr. is a prisoner held at the Orleans Justice Center. On January 12, 2023, Plaintiff, pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants Sarah Barr Flynn and Ashley Cole. Defendants are private persons Plaintiff alleges accused him of rape and extortion.[3] Plaintiff filed this action in forma pauperis.[4]

---

[1] R. Doc. 9.
[2] *See* R. Doc. 6.
[3] R. Doc. 6. Plaintiff's initial December 27, 2022 complaint, R. Doc. 1., was marked deficient by the Clerk of Court, R. Doc. 3, but Plaintiff timely refiled by the January 19, 2023 deadline. *See id*.
[4] On December 27, 2022, Petitioner filed a deficient motion for leave to proceed in forma pauperis. R. Doc. 2. The Clerk of Court issued a Notice of Deficiency and ordered Plaintiff to remedy the deficiency by January 19, 2023. R. Doc. 3. On February 3, 2020, Plaintiff filed a new motion for leave to proceed in forma pauperis. R. Doc. 5. The Magistrate Judge granted this motion. R. Doc. 7.

1

On July 12, 2023, the Magistrate Judge issued a Report and Recommendation.[5] The Magistrate Judge recommends that Plaintiff's § 1983 claims against Defendants Flynn and Ashley Cole be dismissed with prejudice as frivolous because Plaintiff never sufficiently alleges that any of their actions occurred under "color of state law for the purposes of § 1983 liability."[6] Accordingly, the Magistrate Judge recommends that these frivolous § 1983 claims be dismissed pursuant to 28 U.S.C. §§ 1915(e) and §1915A. The Magistrate Judge similarly "decline[d] to exercise supplemental jurisdiction over [Plaintiff's] remaining state law claims," dismissing them without prejudice.

Plaintiff subsequently timely filed an objection to the Report and Recommendation.[7] Plaintiff "Strongly OBJECT[S] to this Case being DISMISSED With or Without PREJUDICE . . . 'SUA SPONTE'" and, in relevant part, alleges that a "Malicious and Corrupt Mental health Scam were used to deny and Prevent any Evidentiary hearings."[8] He asks this Court to "deny the [Report and Recommendation] of Dismissal," allow the case to remain open, and permit evidentiary hearings.[9]

## LAW AND ANALYSIS

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[10] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous

---

[5] R. Doc. 9.
[6] *Id.* at 6; *see also id.* at 7.
[7] R. Doc. 10.
[8] *Id.* at 1, 2.
[9] *Id.* at 3.
[10] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").

2

or contrary to law.[11] To the extent Plaintiff's objection is construed as an objection to the Report and Recommendation, Plaintiff fails to object to any specific portion of the Magistrate Judge's Report and Recommendation; his objection is best understood as an objection to the recommended outcome. As a result, the Court need only review the conclusions in the Report and Recommendation to determine whether they are clearly erroneous or contrary to law. The Court finds the Magistrate Judge's conclusions squarely in line with statutory law and Fifth Circuit precedent.

As the Magistrate Judge correctly identified,[12] 28 U.S.C. § 1915 mandates that, for federal actions brought in forma pauperis like this action, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous[.]"[13] Similarly, 28 U.S.C. § 1915A mandates that, for federal complaints filed by prisoners like Plaintiff, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous[.]"[14] A complaint is frivolous "if it lacks an arguable basis in law or fact."[15]

As the Magistrate Judge explained, "[a]lthough a private person may cause deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under the color of law."[16] Any "allegation of conspiracy between private and state actors requires more than conclusory statements."[17] The Magistrate Judge's Report and Recommendation is correct that Plaintiff does not sufficiently allege how any of the actions in question took place under color of state law and instead merely relies on

---

[11] *Id.*
[12] *Id.* at 2.
[13] 28 U.S.C. § 1915(e)(2)(B)(i).
[14] 28 U.S.C. § 1915A(b)(1).
[15] *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)).
[16] R. Doc. 9. at p. 3 (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).
[17] *Id.* at pp. 4–5 (citing P*riester v. Lowndes Cnty.*, 354 F.3d 414, 423 (5th Cir.2004)).

conclusory statements to support his § 1983 claims. As a result, the Court agrees with the Magistrate Judge's conclusion that, because Plaintiff's complaint is clearly frivolous, the Court is required to dismiss with prejudice his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

**IT IS ORDERED** that the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Sarah Barr Flynn, **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Ashley Cole, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining state law claims.

New Orleans, Louisiana, this 20th day of September, 2023.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to deliver via mail:**
Lonnie Joseph Kahoe, Sr.
18 Canberra Court
Metairie, LA 70003

Lonnie J. Kahoe, Sr. 2504769
Orleans Justice Center
3000 Perdido St.
New Orleans, LA 70119